# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

DEMETRIUS FLOWERS *et al.*                                                                                   PLAINTIFFS

v.                                              NO: 3:08CV00065 JLH

CRIS KASOMEN *et al.*                                                                                        DEFENDANTS

### ORDER

Plaintiff Demetrius Flowers filed this complaint (docket entry #1) on April 21, 2008. Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims, or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well. *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).

Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

Flowers's complaint alleges that Craighead County Sheriff's Department officials, not Defendants in this case, are engaged in an effort to keep him in jail, and to kill him and his children. Flowers further asserts that Defendants, who are members of the KAIT-TV television news team, and the station itself, are being used by the Sheriff's Department to cover up the plot. Flowers holds this belief because he has told the news station of the many and varied problems he has encountered with the Sheriff's Department officials, but they will not interview him or publicize his situation. In his request for relief, he asks that Defendants be required to "Let the public [k]now about all of [his] . . . cases . . . . And [he] should be interviewed by the news media . . . ."

It appears that Flowers is alleging the existence of a conspiracy to cover up a plot to harm him or his family. To prove a § 1983 conspiracy claim against a particular Defendant, Flowers must show that the Defendant conspired with others to deprive him of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured Plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Allegations of a conspiracy "must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) (per curiam) (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983). "A conspiracy claim is insufficient if it contains mere conclusory allegations, rather than specific facts that demonstrate a mutual understanding among the

alleged conspirators." *Flowers v. Fogleman*, No. 3:07CV167, 2007 WL 4372916 at *3 (E.D. Ark. Dec. 12, 2007); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (per curiam). *See also Mahaney v. Warren County*, 206 F.3d 770, 772 (8th Cir. 2000) (per curiam) (plaintiffs advanced "nothing more than bare allegations and rank speculation" in support of a conspiracy claim; "speculation and conjecture are not enough to prove that a conspiracy exists").

Here, Flowers only asserts his belief that there is a conspiracy to deny him television coverage, based apparently on the Defendants' alleged knowledge of his plight. Flowers has not alleged any factual basis for the existence of a conspiracy between Defendants and the officials allegedly trying to harm him. Additionally, Flowers has not alleged, and the Court is unaware, of any actionable constitutional injury he has sustained as a result of Defendants' failure to offer him television coverage. Without the deprivation of a constitutional right or privilege, Flowers's conspiracy claim is simply not viable.

Flowers has previously made broad, sweeping, allegations of conspiracy. *See, e.g., Flowers v Fogleman, supra.* In that case, Flowers alleged a state court judge was involved in a conspiracy to have him murdered. As in that case, Flowers's allegations of conspiracy are insufficient and his complaint will be dismissed.

The Court notes that Roudny Kimball is also listed as a Plaintiff. The allegations do not appear to pertain to Kimball, and he did not sign the complaint. While Flowers did not sign the complaint either, it is clear from other pleadings, for example his motion to appoint counsel (docket entry #9), that he is the one pursuing this claim. Indeed, mail sent to Kimball has been returned (docket entries #6 & #7), and it is questionable whether he even knows he is a named Plaintiff. Accordingly, Kimball's claims, to the extent there are any, should be dismissed with prejudice, but

no strike should be assessed against him.

IT IS THEREFORE ORDERED THAT:

1.  Plaintiffs' complaint (docket entry #1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.  All pending motions are DENIED AS MOOT.

3.  This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g) as to Plaintiff Flowers only.

4.  The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 20th day of June, 2008.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE